IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK DEREAK and | ) | |
| MELINDA DEREAK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-3123 |
| | ) | |
| DON MATTOX TRUCKING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Mark and Melinda Dereak's Motion and Memorandum of Law to Remand Case to State Court (d/e 2) (Motion to Remand). The Dereaks do not dispute that the facts of this case would entitle Defendant Don Mattox Trucking LLC (Mattox) to remove this matter based on diversity jurisdiction; they only argue that Mattox's Notice of Removal is untimely. For the reasons set forth below, the Court determines that Mattox's removal was timely. The Motion to Remand is, therefore, denied.

1

## STATEMENT OF FACTS

On March 3, 2006, the Dereaks filed a two-count Complaint against Mattox in Macon County, Illinois, Circuit Court. Count I alleged that Mark Dereak worked for Wal-Mart in Springfield, Illinois. Mattox operated a semi-tractor trailer that was parked at the loading dock at the Wal-Mart. Mark Dereak, with others, was unloading Mattox's truck when the driver of the truck unexpectedly and negligently pulled the trailer forward away from the loading dock. The movement of the truck allegedly caused Mark Dereak to fall from the dock's loading plate. Mark Dereak prayed for damages in excess of $50,000.00. Notice of Removal (d/e 1), Exhibit A, Complaint at Law, Count I, ¶¶ 1-7. Melinda Dereak alleged a loss of consortium in Count II. She also prayed for damages in excess of $50,000.00. Id. at Count II, ¶¶ 8-9. The Complaint and Summons was served on March 8, 2006. Motion to Remand, Exhibit A, Summons and Return of Service.

On April 26, 2006, a conference was held at the offices of Dereaks' attorney. Mattox's counsel and representatives of Mattox's insurer attended the conference. At the conference the Dereaks described Mark Dereak's injuries. Steven Wallace, the legal assistant employed by the Dereaks'

attorney, provided Mattox's counsel with a letter from the Dereaks' attorney and copies of medical bills and a summary from Wal-Mart's workers' compensation carrier.  Motion to Remand, Exhibit B, Affidavit of Steven Wallace, ¶¶ 3-4 and attached documents.  The summary from the workers' compensation carrier showed medical bills paid in the sum of $34,123.57, and an indemnity amount paid in the sum of $27,934.67.  Mark Dereak characterizes the latter payment as a partial total disability payment. Motion to Remand at 11.  The letter and documents, however, did not include a demand for a specific amount of damages.

On May 10, 2006, the Dereaks served Mattox with a motion to file an amended complaint.  On May 30, 2006, the state court allowed the motion.  The First Amended Complaint at Law (Amended Complaint) added a Count 3 for Wilful and Wanton Conduct.  Count 3 alleges, in part:

> 6.   The Defendant, acting in conscious disregard for the safety of others in the loading dock area, committed these wilful and wanton acts:
>
> . . . .
>
> c)   failed to properly train its driver about loading dock safety practices and procedures.

Notice of Removal, Exhibit B, Amended Complaint, Count 3, ¶ 6.  Mark

3

Dereak again prayed for damages in excess of $50,000.00.

On June 15, 2006, Mattox filed its Notice of Removal with this Court. Mattox stated that, based on the allegations in the Amended Complaint, Mattox had notice that the amount in controversy exceeded $75,000.00. Notice of Removal (d/e 1), ¶ 2. The Dereaks now ask for remand. The Dereaks argue that the Notice of Removal is untimely. The Dereaks do not dispute that the issues in the case authorize removal jurisdiction based on diversity; the Dereaks are citizens of Illinois and Mattox is a citizen of Kansas, and Mark Dereak seeks damages in excess of $75,000.00.[1] The Dereaks only contend that Mattox waited too long to file the notice of removal. See Motion to Remand at 3 ("Diversity is not an issue. Timeliness is the issue.").

## ANALYSIS

A defendant may file a notice of removal either: (1) within thirty days of the date that the defendant is served with the complaint, or, if the face of the complaint does not disclose that removal jurisdiction exists, (2) within thirty days after "receipt by the defendant, through service or

---

[1] Mattox is a limited liability company with one member who is a citizen of Kansas. See Memorandum and Affidavit Pursuant to Court Order (d/e 7).

4

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or had become removable . . . ." 28 U.S.C. § 1446(b). Receipt of amended pleadings occurs, for purposes of § 1446(b), when the state court allows the amendment. <u>Sullivan v. Conway</u>, 157 F.3d 1092, 1094 (7th Cir. 1998). Mattox has the burden to prove that this Court has removal jurisdiction. If jurisdictional facts are contested, Mattox must prove that jurisdiction exists by a preponderance of the evidence. <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 542 (7th Cir. 2006). As noted above, the jurisdictional facts are not in dispute, only the timeliness of the Notice of Removal.

The original Complaint did not show that the amount in controversy exceeded the jurisdictional amount of $75,000.00. 28 U.S.C. § 1332. Thus, the issue is whether Mattox filed the Notice of Removal within thirty days of its receipt of "an amended pleading, motion, order or other paper" that gave it notice that diversity removal jurisdiction existed.

The Dereaks argue that the documents provided at the April 26, 2006, conference gave Mattox notice that removal jurisdiction existed. The Court disagrees. Written correspondence between counsel may be "other

5

paper" that provides notice that removal jurisdiction exists.  See <u>Addo v. Globe Life & Accident Ins. Co.</u>, 230 F.3d 759, 761 (5th Cir. 2000); <u>Gilardi v. Atchison, T. & S. F. Ry. Co.</u>, 189 F.Supp. 82, 84-85 (N.D. Ill. 1960).  The written documents provided on April 26, 2006, however, did not provide such notice.  The workers' compensation summary showed $34,123.57 in medical expenses.  This figure, although significant, did not show damages in excess of $75,000.00.  Mattox reasonably knew from the medical records that Mark Dereak had a claim for pain and suffering, but the Dereaks did not quantify that claim at the meeting.  The $27,934.67 indemnity payment did not directly relate to damage claims in personal injury actions and so did not provide much information to Mattox.  In addition, the letter from Mark Dereaks' counsel did not itemize damages and did not make a demand for an amount of damages.  <u>Affidavit of Steven Wallace</u>, attached letter.  Thus, at the end of the meeting, Mattox knew that Mark Dereak had some significant medical bills, but it had not yet received a paper from the Dereaks showing that the amount in controversy exceeded $75,000.00.

The Dereaks' Amended Complaint, however, demonstrated that the amount in controversy exceeded $75,000.00.  The Amended Complaint, for

6

the first time, alleged facts which would entitled the Dereaks to recover punitive damages. In Illinois, a party may not plead punitive damages. Rather, the party must present evidence of a right to punitive damages at an evidentiary hearing before the court during pretrial proceedings. 735 ILCS 5/2-604.1. A party is entitled to seek punitive damages if he can establish at the hearing that the defendant acted with actual malice, wilfully, or with wanton disregard for the rights of others. Loitz v. Remington Arms Co., Inc., 138 Ill.2d 404, 415, 563 N.E.2d 397, 402 (Ill. 1990).

The Dereaks alleged in the Amended Complaint, for the first time, that Mattox committed "wilful and wanton" acts with "conscious disregard for the safety of others" and that those acts caused Mark Dereak's injuries. Amended Complaint, ¶ 6. That allegation put Mattox on notice, for the first time, that the Dereaks believed they could prove facts which would entitle them to punitive damages.

Diversity jurisdiction cannot be based on the prospect of unrealistic punitive damage awards. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000) (diversity jurisdiction did not exist when complaint alleged only $600 in compensatory damages, but sought $75,000.00 punitive damages). The amount in controversy in this case, however, is not

dependent on the prospect of a disproportionate punitive damage award. Mark Dereak's medical bills exceeded $34,000.00. In addition, Mark Dereak would reasonably seek some amount of recovery for pain and suffering. Thus, even a relatively small punitive damage award, would put the amount in controversy over $75,000.00. The Amended Complaint, combined with the medical records and summary of medical bills received on April 26, 2006, put Mattox on notice that the amount in controversy exceeded $75,000.00. The state court allowed the Dereaks' motion to file the Amended Complaint, on May 30, 2006. Mattox filed the Notice of Removal on June 15, 2006, well within the thirty day time limit under § 1446(b). Sullivan, 157 F.3d at 1094. The Notice of Removal was therefore timely.

    The Dereaks argue that the wilful and wanton count did not put punitive damages at issue and so did not give Mattox any notice that the amount in controversy had changed. The Court disagrees. For the first time, the Dereaks alleged that Mattox had acted wilfully and wantonly in conscious disregard for the safety of others. If true, that fact would entitle the Dereaks to punitive damages. Loitz, 563 N.E.2d at 402. Mattox, thus, knew that the stakes in this case had just changed. Now, in addition to the

8

$34,123.57 in medical bills and any associated claims for pain and suffering, the Dereaks alleged that they could prove facts that would entitle them to a punitive award.  At this point, Mattox had enough information to be on notice that the amount in controversy exceeded $75,000.00.  Mattox filed its Notice within thirty days of the date that the state court allowed the Dereaks to file the Amended Complaint.  The Notice of Removal, therefore, was timely.

THEREFORE, the Motion and Memorandum of Law to Remand Case to State Court (d/e 2) is DENIED.  The Plaintiffs are directed to respond to the pending Motion to Dismiss Count III of Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) (d/e 5) within 14 days of the date of this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER:  August 16, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE