IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK DEREAK and | ) | |
| MELINDA DEREAK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-3123 |
| | ) | |
| DON MATTOX TRUCKING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Don Mattox Trucking, LLC's (Mattox) Motion to Dismiss Count III of Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6) (d/e 5). Count III alleges a claim for willful and wanton conduct. Mattox argues that the allegations in Count III fail to state a claim. The Court disagrees. The Motion is therefore denied.

STATEMENT OF FACTS

On March 3, 2006, the Dereaks filed a two-count Complaint against Mattox in Macon County, Illinois, Circuit Court. Count I alleged that

Mark Dereak worked for Wal-Mart in Springfield, Illinois.  <u>Notice of Removal (d/e 1)</u>, Exhibit A, <u>Complaint at Law</u>, Count I, ¶¶ 1-7.  Mattox operated a semi-tractor trailer that was parked at the loading dock at the Wal-Mart.  Mark Dereak, with others, was unloading Mattox's truck when the driver of the truck unexpectedly pulled the trailer forward, away from the loading dock.  The movement of the truck allegedly caused Mark Dereak to fall from the dock's loading plate.

This action was originally filed in state court and then removed to this Court on June 15, 2006.  On May 30, 2006, prior to the removal, the state court allowed the Dereaks to file their First Amended Complaint at Law (Amended Complaint).  The Amended Complaint added a Count III for Wilful and Wanton Conduct.  Count III alleges, in part:

> 6.     The Defendant, acting in conscious disregard for the safety of others in the loading dock area, committed these wilful and wanton acts:
>
>> a)     failed to warn the Wal-Mart workers of Defendant's intended act of pulling away from the dock;
>>
>> b)     failed to check to see if Wal-Mart workers were still unloading, before pulling away from the dock.
>>
>> c)     failed to properly train its driver about loading dock safety practices and procedures.

Notice of Removal, Exhibit B, Amended Complaint, Count III, ¶ 6. Count III contains no other allegations of conduct by Mattox. Mattox asks the Court to dismiss Count III because paragraph 6 fails to give Mattox notice of the conduct that would be willful and wanton under Illinois law.

ANALYSIS

The Dereaks are only required to set forth in Count III of the Amended Complaint a short, plain statement of the claim showing that they are entitled to relief. Fed. R. Civ. P. 8(a). For purposes of a Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in Count III and draw all inferences in the light most favorable to the Dereaks. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Count III should not be dismissed unless it appears beyond doubt that the Dereaks can prove no set of facts that would entitle them to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The allegations in Count III are sufficient. The Dereaks claim that Mattox acted willfully and wantonly in connection with the accident in which Mark Dereak was injured. The Dereaks allege three acts, quoted above, that Mattox committed willfully and wantonly. In Illinois, willful

3

and wanton conduct means tortious acts done either intentionally or with reckless disregard for the safety of others. Ziarko v. Soo Line R. Co., 161 Ill.2d 267, 273, 641 N.E.2d 402, 405 (Ill. 1994). Reckless disregard may be shown by proving "a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." Id. (quoting Schneiderman v. Interstate Transit Lines, 394 Ill. 569, 583, 69 N.E.2d 293, 299 (Ill. 1946)). Based on the allegations, Mattox may have had: (1) knowledge of impending danger from the truck or the driver (or some other factor), but failed to exercise ordinary care to prevent it; or (2) failed to discover the danger through recklessness or carelessness. The Dereaks may or may not have a difficult time proving that the alleged acts were done willfully or wantonly, but the Court cannot say, at this point, that the Dereaks cannot prove a set of facts that would establish this claim.

Mattox relies on Morris ex rel. Morris v. Williams, 359 Ill.App.3d 383, 388, 834 N.E.2d 622, 628 (Ill.App. 4th Dist. 2005). That is an Illinois state case. Illinois is a fact pleading state. Cangemi v. Advocate South Suburban Hosp., 364 Ill.App.3d 446, 431, 458, 845 N.E.2d 792, 804 (Ill.App. 1st

Dist. 2006). The Morris court held that the plaintiff in that case failed to plead sufficient facts to show that the defendant acted willfully or wantonly. Morris, 834 N.E.2d at 627-28. The principles of fact pleading do not apply to federal notice pleading. Mattox has notice of the claim. Count III states a claim.

THEREFORE, Defendant Don Mattox Trucking, LLC's Motion to Dismiss Count III of Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6) (d/e 6) is DENIED. The Defendant Don Mattox Trucking, LLC, is directed to answer Count III of the Amended Complaint by October 20, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   September 27, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE

5