UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MARK DEREAK and MELINDA DEREAK, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 06-3123 |
| DON MATTOX TRUCKING, LLC, | ) ) ) |
| Defendant. | ) |

# O R D E R

In March 2006, Plaintiffs Mark and Melinda Dereak filed a complaint in the Circuit Court for Macon County, Illinois, against Defendant Don Mattox Trucking, LLC. In May 2006, Plaintiffs amended their complaint. (First Amended Complaint at Law, #1, pp. 9-14.) In June 2006, Defendant removed the case to federal court based on diversity pursuant to 28 U.S.C. § 1332. (Notice of Removal, #1.) In September 2006, Defendant filed a Third-Party Complaint against Wal-Mart Associates, Inc. (#10). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In August 2007, Defendant filed a Motion To Preclude Plaintiffs' [(*sic*)] from Offering Medical Expert or Opinion Testimony (#37). After considering the parties' pleadings and memoranda, this Court **DENIES** Defendant's Motion To Preclude Plaintiffs' [(*sic*)] from Offering Medical Expert or Opinion Testimony (**#37**).

## I. Background
### A. Factual Background

The following background is based on the complaint. Plaintiff Mark Dereak worked for Wal-Mart. On March 26, 2005, Mark Dereak was unloading a semi-tractor trailer truck operated by Defendant. The truck pulled away from the loading dock while Mark Dereak was inside the trailer in the process of unloading. When the truck pulled out, it caused Mark Dereak to fall from the trailer to the concrete and he was injured as a result.

Plaintiffs' amended complaint alleges three counts, as follows: (1) in Count I, Plaintiff Mark Dereak alleges that Defendant acted negligently during the unloading of the truck; (2) in Count II, Defendant Melinda Dereak alleges loss of consortium; and (3) in Count III, Mark Dereak alleges that Defendant acted recklessly during the unloading of the truck.

### B. Procedural Background

In May 2006, when this case was in state court, Defendant tendered interrogatories to Plaintiffs. Defendant's interrogatories included question 26, "Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and state the subject of each witness' testimony" (#37-2, p. 13), and question 27, "Pursuant to Illinois Supreme Court Rule 213(g), provide the name and address of each opinion witness who will offer any testimony . . ." (#37-2, p. 18). Question 27 also asked for the subject matter of each witness's testimony, the conclusions and/or opinions of the opinion witnesses and the basis for those conclusions, the qualifications of each opinion witness, and the identity of any written reports of opinion witnesses.

According to Defendant's memorandum, Plaintiffs filed Mark Dereak's Answers to Defendant's Interrogatories and Requests for Production (#37-2) in the Macon County Circuit Court on June 16, 2006. Plaintiffs responded to Defendant's request for disclosure of witnesses pursuant to Illinois Supreme Court Rule 213(f), which provides as follows:

> (f) Identity and Testimony of Witnesses. Upon written interrogatory, a party must furnish the identities and addresses of witnesses who will testify at trial and must provide the following information:
>
> (1) Lay Witnesses. A "lay witness" is a person giving only fact or lay opinion testimony. For each lay witness, the party must identify the subjects on which the witness will testify. An answer is sufficient if it gives reasonable notice of the testimony, taking into account the limitations on the party's knowledge of the facts known by and opinions held by the witness.
>
> (2) Independent Expert Witnesses. An "independent expert witness" is a person giving expert testimony who is not the party, the party's current employee, or the party's retained expert. For each independent expert witness, the party must identify the subjects on which the witness will testify and the opinions the party

2

>expects to elicit. An answer is sufficient if it gives reasonable notice of the testimony, taking into account the limitations on the party's knowledge of the facts known by and opinions held by the witness.
>
>(3) Controlled Expert Witnesses. A "controlled expert witness" is a person giving expert testimony who is the party, the party's current employee, or the party's retained expert. For each controlled expert witness, the party must identify: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case.

ILCS S. Ct. Rule 213(f).

Plaintiffs answered question 26 by listing twenty witnesses including Dr. Jeffery Smith, Dr. Stephen Chadwick, Dr. George Duncan, Dr. Munos, and Michelle Carroll, R.N. The doctors and nurse are the subjects of this order. In response to question 27, Plaintiffs referred to question 26 "in which I have described opinion witnesses." (#37-2, p. 18.) Plaintiffs then listed the following doctors and nurse: Dr. Smith, Dr. Munos, Dr. Chadwick, Ms. Carroll, and Dr. Duncan.

After Plaintiffs filed answers to the interrogatories, Defendant removed the case to federal court where federal procedural rules apply. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 754-55 (7th Cir. 2004) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001)).

In November 2006, the Court filed a Discovery Order (#21), stating in part that parties will exchange initial disclosures pursuant to Rule 26(a)(1) by November 15, 2006. The Discovery Order also provided that Plaintiffs shall disclose experts and provide expert reports by June 1, 2007. At the Rule 16 conference on November 9, 2006, counsel for the parties reached an agreement regarding the effect of Plaintiffs' answers to interrogatories dated June 16, 2006. Regarding this agreement, Plaintiffs' counsel states in his memorandum that he "asked the parties and the Court to allow Dereak's state court disclosure [to] stand as his federal court disclosure - so that he would not need to duplicate his effort." (#46, p. 2.) Defendant recalled

the agreement as having the effect that Plaintiffs' answers to interrogatories "were to be deemed to constitute Plaintiffs' Initial Disclosures to the extent they were duplicative." (#37-4, p. 1.)

On November 15, 2006, counsel for Defendant wrote to Plaintiffs' counsel inquiring as to certain information which had yet to be disclosed, including disclosure of witnesses, documents, damages, and insurance information under Rules 26(a)(1)(A), (B), (C), and (D), respectively. (#37-3.) Plaintiffs' counsel responded to this letter on December 4, 2006. (#37-4.)

On December 19, 2006, Plaintiffs filed a Certificate of Compliance Regarding Rule 26(a)(1) Initial Disclosures (#25). On September 8, 2006, January 30, 2007, May 10, 2007, and August 1, 2007, Plaintiffs supplemented their responses to Defendant's requests for production by providing updated medical records from Dr. Stephen Chadwick, Dr. Beverly Matthews, and St. John's Hospital. (#37-6.) On May 24, 2007, Plaintiffs filed their Certificate of Compliance Regarding Report of Expert Witness & Opinions (#28). Defendant stated in its memorandum that this document identified various Wal-Mart employees as opinion witnesses and Plaintiff Mark Dereak as an expert witness, but it did not list any medical witnesses as experts.

The Court notes that Defendant's motion and memorandum refer to witnesses who are not medical witnesses. However, in the motion before the Court, Defendant asks only that the Court exclude "medical expert testimony or opinion." (#37, p. 5.) Defendant expressly reserved the right to object to other witnesses later. Accordingly, only the medical witnesses are relevant to the pending motion and the Court will limit its discussion to those witnesses and issues.

## II.  Standard

Under federal rules, potential witnesses can be divided into three categories, lay witnesses (also called fact or occurrence witnesses), expert witnesses, and retained expert witnesses. Disclosure of expert witnesses is governed by Rule 26 of the Federal Rules of Civil Procedure. All witnesses must be disclosed in the "Initial Disclosure," a required disclosure under Rule 26(a)(1)(A). FED. R. CIV. P. 26(a)(1)(A). In addition, parties must disclose both

kinds of expert witnesses pursuant to Rule 26(a)(2).  Rule 26(a)(2)(A) requires parties to disclose, at a time set by the court or by the rule, the identity of any person who may present expert testimony pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. FED. R. CIV. P. 26(a)(2)(A).  Rule 26(a)(2)(B) imposes an additional requirement relating to any witness who is retained or specially employed to present expert testimony; such a witness must provide a written report setting forth, *inter alia*, the opinions to be offered at trial and the basis therefor.  FED. R. CIV. P. 26(a)(2)(B).  The Seventh Circuit court has expressly stated that disclosing a person as a witness and disclosing a person as an *expert* witness are two distinct acts.  *Musser*, 356 F.3d at 758.

If a court concludes that a party has failed to properly disclose its witnesses, then it must determine the appropriate sanction.  The exclusion of nondisclosed evidence is automatic and mandatory under Federal Rule of Civil Procedure Rule 37(c)(1) *unless* nondisclosure was justified or harmless.  FED. R. CIV. P. 37(C)(1); *Musser*, 356 F.3d at 758.  A court does not abuse its discretion when it disallows expert testimony unless "(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary."  *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

### III.  Analysis

Defendant argues that the Court should bar Plaintiffs from presenting any expert testimony, opinions, or other information from Mark Dereak's physicians or nurses. Specifically, Defendant contends that (1) Plaintiffs failed to comply with Rule 26(a)(1)(A) because they provided no addresses or telephone numbers for the witnesses; (2) Plaintiffs failed to timely and properly disclose their medical witnesses as experts pursuant to Rule 26(a)(2); (3) Plaintiffs failed to provide witness reports pursuant to Rule 26(a)(2)(B); and (4) Plaintiffs failed to timely and properly disclose Dr. Beverly Matthews.  The Court notes that all of the medical witnesses at issue are treating physicians; none are "controlled expert witnesses" (ILCS S. Ct. Rule 213(f)(3)) or retained experts (FED. R. CIV. P. 26(a)(2)(B)).

### A.  Addresses and Telephone Numbers

Defendant first argues that Plaintiffs violated Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure by failing to provide names and addresses for witnesses.  Plaintiffs filed answers to interrogatories on June 16, 2006, pursuant to Illinois Supreme Court Rule 213(f) which requires addresses but not telephone numbers.  However, Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure does require that information for each disclosed witness.  Based on the information before the Court at this time, it appears that Plaintiffs failed to provide addresses and telephone numbers for the witnesses they disclosed in response to question 26.  Nevertheless, barring these witnesses from testifying is not an appropriate sanction for such a discovery violation.  Instead, the Court orders Plaintiffs to provide Defendant with addresses and telephone numbers for all witnesses listed in response to question 26.

### B.  Plaintiffs' Medical Witnesses

Defendant next argues that the Court should exclude medical expert testimony or opinions from all of Plaintiffs' medical witnesses because Plaintiffs failed to designate those witnesses as experts pursuant to Rule 26(a)(2)(A) or to disclose "any expert medical or opinion testimony" (#38, p. 3).  Specifically, Defendant contends that "even if the treating doctors and nurses have been previously identified as witnesses pursuant to Rule 26(a)(1), they must be separately identified in Rule 26(a)(2) expert disclosures if they intend to give expert testimony pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence." (#38, p. 5.)  In support, Defendant relies on *Musser*, in which the Seventh Circuit court stated, ""[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser*, 356 F.3d at 758.

Plaintiffs respond that they did, in fact, properly disclose those witnesses by including them in the answers to interrogatories, specifically questions 26 and 27.

This case differs from the fact situation in *Musser* in two significant ways.  First, the case was originally filed in state court and removed to federal court after Plaintiffs had filed their answers to interrogatories.  Second, at the discovery conference held in federal court, the parties

agreed that Plaintiffs' answers to interrogatories would be acceptable to satisfy at least some part of their required disclosure. Plaintiffs' counsel states in his memorandum that he "asked the parties and the Court to allow Dereak's state court disclosure [to] stand as his federal court disclosure - so that he would not need to duplicate his effort." (#46, p. 2.)  In contrast, according to Defendant, Plaintiffs' answers to interrogatories "were to be deemed to constitute Plaintiffs' *Initial Disclosures* to the extent they were duplicative." (#37-4, p. 1, emphasis added.) Unfortunately, the specifics of the agreement are undocumented other than in Defendant's letter dated November 15, 2006, which only describes Defendant's understanding of the agreement.

The Court will first consider whether Plaintiffs' answer to question 26 revealed the medical witnesses as experts. In Illinois, expert testimony is not limited to scientific or technical areas, but includes all areas of specialized knowledge. *Meyers v. Woods*, 871 N.E.2d 160, 170 (Ill. App. Ct. 2007) (citing *Chem-Pac, Inc. v. Simborg,* 495 N.E.2d 1124, 1127 (Ill. App. Ct. 1986)). "All that is required of the expert testimony is that it be of some assistance to the trier of fact." *Id.*  A person will be allowed to testify as an expert when his experience and qualifications afford him knowledge that is not common to laypersons, and when his testimony will aid the trier of fact in reaching its conclusions. *Thompson v. Gordon*, 851 N.E.2d 1231, 1240 (Ill. 2006).  In federal court, the definition of expert testimony is somewhat narrower; expert testimony is testimony that requires scientific, technical, or other specialized knowledge. FED. R. EVID. 702.  In the medical context, when testimony goes beyond the scope of treatment and the observations of the treating physician, it constitutes expert testimony. *Kondziolka v. Burlington N. and Santa Fe Ry Co.*, No. 99 C 2148, 2000 WL 1368041, *2 (N.D. Ill. Sept. 15, 2000) (unreported) (finding that testimony about personal observations, treatment, and diagnosis is not expert testimony, but testimony about causation constitutes expert testimony subject to disclosure); *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001) (same); *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 859 (N.D. Ill. 2001) (whether a diagnosis or prognosis requires a doctor to resort to scientific, technical, or other specialized knowledge depends on the particular facts of the case).

Illinois Supreme Court Rule 213(f) provides that a party must reveal in its interrogatory answers the identities and testimony of trial witnesses and classify witnesses as lay witnesses, independent expert witnesses, or controlled expert witnesses. ILCS S. Ct. Rule 213(f). Unlike federal rules, Illinois rules for informing opposing parties about the identity and testimony of witnesses do not involve an "initial disclosure" and subsequent or additional disclosures of expert testimony or witnesses. Defendant correctly points out that "[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser*, 356 F.3d at 758. However, this statement applies to disclosure under the federal rules. It does not apply to Illinois discovery procedures; under Rule 213(f), all witnesses can be identified in the answers to interrogatories.

Plaintiffs' answers to interrogatories stated that Dr. Jeffery Smith would testify as follows:

> He will opine that the hand and wrist injury was caused by the fall. That Mark endured pain as a result of the injury, he was disabled from work for a period. Mark faces the an [(*sic*)] increased risk of future arthritis to the wrist joint. See his records and narrative report. He will also opine that Mark did not exaggerate his condition and fully co-operated with doctor and staff.

(#37-2, p. 13.) Although Plaintiffs did not expressly designate Dr. Smith as an "independent expert" witness pursuant to Illinois Supreme Court Rule 213(f)(2) or an "expert" witness pursuant to Rule 26(a)(2), Smith's proposed testimony involved cause, effect, and prognosis of the injury. Thus, the substance of Dr. Smith's testimony constitutes expert testimony under either the Illinois definition or Federal Rules of Evidence 702. Clearly, a treating doctor is testifying as an expert if he or she will be providing expert testimony. Thus, Plaintiffs' answer to question 26 as to Dr. Smith's testimony clearly indicates that Smith will testify as an expert witness. Similarly, Plaintiffs' answers to interrogatories indicated that Drs. Chadwick, Duncan, and Munos will testify regarding the cause and effect of Mark Dereak's injury, that is, expert testimony, as well as their treatment of him. After reviewing Plaintiffs' answers to interrogatories to questions 26 and 27, the Court concludes that Plaintiffs adequately identified Drs. Smith, Chadwick, Munos, and Duncan as expert witnesses under Illinois law. Furthermore, in the absence of a clearly expressed understanding of the agreement between the parties, it was

not unreasonable for Plaintiffs' counsel to believe that, once they had revealed expert witnesses while in state court, they did not have to repeat that disclosure after Defendant removed the case to federal court.

Defendant's motion is also based in part on the fact that Plaintiffs failed to include the medical witnesses in their Report of Expert Witness & Opinion Compliance (#28) filed in federal court, even though they reidentified some of the Wal-Mart employees as experts in that report. The fact that Plaintiffs' counsel subsequently duplicated the identification of some of the witnesses, but not the medical witnesses, does not persuade the Court that it should bar the medical witnesses from testifying. As noted above, the parties agreed that Plaintiffs need not duplicate their answers to interrogatories.

We think this conclusion is consistent with Seventh Circuit case law. *Musser* does not *dictate* exclusion, it authorizes exclusion under appropriate circumstances. *Musser*, 356 F.3d at 759 ("We do not hold that a district court should always exclude evidence in similar factual scenarios.") (citing *Brandon*, 179 F. Supp. 2d at 860; *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co*., 138 F. Supp. 2d 1088, 1094-95 (N.D. Ill. 2001)). Here, Plaintiffs filed answers to interrogatories pursuant to state rules when this suit was in state court. They identified Drs. Smith, Chadwick, Duncan, and Munos as expert witnesses and informed Defendant as to the substance of each doctor's testimony, including, for some of the witnesses, causation and prognosis, subjects that clearly constitute "expert" testimony under both Illinois and federal law. Although identifying a witness as an expert by reference to the testimony he will present at trial is far from a "superlative" method of indicating expert witnesses, in this case it satisfies the requirements for identification of an expert witness under Illinois law. Furthermore, based on Plaintiffs' description of proposed testimony for Mark Dereak's treating physicians, Defendant would have been able to question these witnesses as expert witnesses and to prepare for trial. *Musser*, 356 F.3d at 757 ("[f]ormal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial."). The fact that the case was subsequently removed to a court with different procedural rules should not deprive Plaintiffs of being able to call expert witnesses who were properly identified prior to removal,

particularly when the parties agreed that Plaintiffs need not duplicate the information they provided in their answers to interrogatories. Accordingly, the Court concludes that Plaintiffs adequately disclosed the treating physicians as expert witnesses. The Court denies Defendants' motion to bar Dr. Smith, Chadwick, Duncan, and Munos from testifying as expert witnesses.

Regarding Ms. Carroll, the answers to interrogatories stated she would describe Mark Dereak's injuries and pain. This information does not constitute expert testimony and nothing in the description of this testimony puts Defendant on notice that the witness will present expert testimony pursuant to Federal Rules of Evidence 702. Thus, Ms. Carroll will be testifying as a lay witness pursuant to Federal Rules of Evidence 701, which limits testimony to "opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." FED. R. EVID. 701.

### C. Rule 26(a)(2)(B) Witness Reports

Defendant next argues that Plaintiffs violated Rule 26 by failing to provide any expert reports as required by Rule 26(a)(2)(B). Defendant does not contend that the reports were required because the medical witnesses were experts retained for purposes of the litigation. Instead Defendant apparently contends that the nature of the expert testimony by the treating physicians is such that it requires compliance with Rule 26(a)(2)(B). Plaintiffs respond in their memorandum that the fact that a witness is a treating doctor precludes him from ever having to provide an expert witness report. Neither argument is persuasive.

Nevertheless, based on the proposed testimony that Plaintiffs described for Drs. Smith, Chadwick, Duncan, and Munos, the Court concludes that Plaintiffs did not violate Rule 26(a)(2)(B) by failing to provide witness reports for the treating physicians. The Seventh Circuit has not yet addressed the issue of "whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)." *Musser*, 356 F.3d at 758 n.3. However, the Central District Court has previously held that a treating physician may offer opinion testimony on causation, diagnosis,

and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report. *Ridings v. Riverside Med. Ctr.*, No. 05-2134, 2006 WL 1084323, *1 (C.D. Ill. April 25, 2006) (unreported) (citing *McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002)); *contra Griffith v. Ne. Ill. Reg'l Commuter R.R.*, 233 F.R.D. 513, 516 (N.D. Ill. 2006) (holding that "when the testimony of a treating physician goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis, or the future impact of the injury, the treating physician must provide a report satisfying the requirements of Rule 26(a)(2)(B)").

Accordingly, the Court will not exclude testimony from Plaintiffs' medical witnesses on the basis that they failed to file expert reports. The testimony of the treating physicians will be limited to the substance and opinions disclosed by Plaintiffs in the answers to interrogatories, in each witness's report and his or her records disclosed to Defendant, and in each witness's deposition testimony, if any.

### D.  Dr. Beverly Matthews

Defendant also argues that Dr. Beverly Matthews should be barred from testifying because Plaintiffs failed to properly disclose her and they failed to ask for additional time to disclose her as required by federal rules.

Although Plaintiffs' memorandum refers to Dr. Matthews as a treating medical provider (#46, p. 3), at the September 27, 2007, hearing, Plaintiffs' counsel stated that he does not know at this point whether he will offer her as a witness because she had not yet provided her final report. Thus, Plaintiffs have not apparently not attempted to disclose her as a witness under either Rule 26(a)(1) *or* Rule 26(a)(2) and it would be premature for the Court to address the issue of excluding her from testifying.

### IV.  Summary

For the reasons stated above, this Court **DENIES** Defendant's Motion To Preclude Plaintiffs' [(*sic*)] from Offering Medical Expert or Opinion Testimony **(#37)**.  Dr. Smith, Chadwick, Munos, and Duncan may testify as expert witnesses.  Ms. Carroll may testify as a lay witness.

ENTER this 30th day of October, 2007.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE