IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK DEREAK and MELINDA DEREAK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 06-3123 ) |
| DON MATTOX TRUCKING, LLC, | ) ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Don Mattox Trucking, LLC's (Mattox Trucking) Motion for Partial Summary Judgment on Plaintiffs' Claim of Willful and Wanton Conduct and Plaintiffs' Claim for Lost Wages (d/e 96) (Motion). For the reasons set forth below, the Motion for Summary Judgment is ALLOWED in part. Partial summary judgment is entered on the willful and wanton conduct claim, but denied on the claim for lost wages.

STATEMENT OF FACTS

On March 26, 2005, Mattox Trucking's truck driver Kent Johnson

1

delivered a trailer to the loading dock at the Wal-Mart Supercenter on Dirksen Parkway in Springfield, Illinois (Dirksen Store).  Johnson had previously attended a Wal-Mart training session in Kansas where he was informed of Wal-Mart's procedures for truck drivers delivering trailers to Wal-Mart facilities.  Johnson stated that he had been directed to deliver the trailer to the Dirksen Store and to pick up an empty trailer parked there to be delivered elsewhere.  Motion, Exhibit A, Affidavit of Kent Johnson (Johnson Affidavit), ¶¶ 2, 4, 9.

The loading dock at the Dirksen Store had three bays.  At least one other trailer was parked at the dock that day.  Each bay had a pliable black skirt or shroud (Skirt) that covered the top and sides of the rear end of the trailer to protect products from the weather during loading and unloading.  The Skirt made it difficult to see the rear of a trailer from the outside dock area.  The Skirt, however, was pliable and so could be pulled manually to allow a person to see into the bay.  A person could also walk underneath the Skirt and look up into the loading dock.  Johnson Affidavit, ¶¶ 12-13; Dereak's Response to Mattox Motion for Partial Summary Judgment on Plaintiffs' Claim of Willful and Wanton Conduct (d/e 100) (Plaintiffs' Response), Exhibit A, Kelly Kile Deposition at 40.

2

Once Johnson parked, he states he walked around and entered the Dirksen Store from the front and walked through the retail area to the loading and unloading area. There he spoke with Plaintiff Mark Dereak (Dereak). Dereak was Co-Manager of General Merchandise at the Dirksen Store. Johnson states he told Dereak which trailer he would be taking away from the dock. Johnson also states he told Dereak that all of the trailers parked at the dock did not have pin locks. <u>Johnson Affidavit</u>, ¶ 15. A pin lock is a device that goes around the pin on the trailer that is used to hook to a tractor. The pin lock prevents a trailer from being hooked to a tractor. <u>Johnson Affidavit</u>, ¶ 5, 8; <u>Kile Deposition</u>, at 47. According to Johnson, he learned at the Wal-Mart training sessions that pin locks were to be used on all trailers that were backed up to loading docks. <u>Johnson Affidavit</u>, ¶ 5.

After this conversation, Johnson went back out to the outside of the loading dock area. He saw a slip of paper on the air hose connectors on the trailer in the middle bay (Trailer) which said, "3-26-05-1600 1st TRL." Johnson understood this slip to mean the Trailer: (1) was the first to be removed from dock and (2) was to be removed at 1600 hours (or 4 p.m.), on that day, March 26, 2005. <u>Johnson Affidavit</u>, ¶¶ 16-19. Dereak states that the note actually meant that the Trailer was the first trailer to be

3

unloaded that day and that the unloading was to begin at 4:00 p.m. Plaintiffs' Response, Exhibit B, Affidavit of Mark Dereak (Dereak Affidavit), ¶ 15.

According to Johnson, the Trailer had no pin lock. Johnson states that he interpreted the lack of a pin lock to mean that the trailer could be safely moved. Johnson states that he then backed his tractor up to the Trailer and hooked his tractor to the Trailer. Johnson Affidavit, ¶ 17.

Dereak disagrees with Johnson's sequence of events. According to Dereak, he and other Dirksen Store employees started unloading the Trailer at 4:00 p.m. According to Dereak, the Trailer was not scheduled to be moved for another two hours. Dereak states that Johnson delivered another trailer to the loading dock at about 4:00 p.m. Dereak states that he and the other employees felt a jerk when Johnson backed the tractor into the Trailer and hooked the two together. Dereak Affidavit, ¶ 4-7.

According to Dereak, Johnson appeared at the inside area of the dock about five to ten minutes after Dereak and his crew felt Johnson hook up his tractor to the Trailer. Dereak agrees that he had a brief conversation with Johnson at that time, but Dereak states that the conversation concerned procedures for handling paperwork related to the load that Johnson

4

delivered. Dereak Affidavit, ¶ 8. Dereak states that he was in the Trailer during their conversation, and Johnson stood about ten feet away from him. Dereak states that a roller conveyor had been set up from the dock into the Trailer to assist in unloading the Trailer. Id., ¶ 8. Johnson left the inside portion of the loading area after their conversation. Id.

Johnson pulled the Trailer out of the dock at about 4:15 p.m. Dereak and other employees were still in the back of the Trailer. When the Trailer moved, Dereak fell out of the back of the trailer onto the pavement and was injured. Dereak Affidavit, ¶ 9.

Dereak presents evidence that Johnson violated a number of Wal-Mart policies when he pulled the Trailer out. Wal-Mart policies required that, before pulling an empty trailer away from a Wal-Mart dock, a truck driver must personally inspect the inside of a trailer to confirm that it was empty and to personally inspect the back door of the trailer to confirm that it was properly closed and locked. Johnson took neither of these steps. The agreement between Mattox Trucking and Wal-Mart required Johnson to follow Wal-Mart policies. Kile Deposition, at 11-13, 15-16; Dereak Affidavit, ¶ 10, 16-21, 23-24; Plaintiffs' Response, Exhibit D, Agreement between Wal-Mart and Mattox Trucking.

5

As a result of his injuries, Dereak was off work for about three months. During this time, Wal-Mart continued to pay Dereak an amount equivalent to his full salary. Dereak stated that the payments came from the Wal-Mart's manager benefit package. Dereak did not know whether the benefits were paid by an insurance carrier or directly by Wal-Mart. <u>Motion</u>, Exhibit D, <u>Deposition of Mark Dereak</u>, at 203-04; <u>Motion</u>, Exhibit F, <u>Plaintiffs' Answers to Interrogatories, Answer to Interrogatory No. 21</u>.

ANALYSIS

At summary judgment, Mattox Trucking must present evidence that demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to the Plaintiffs. Any doubt as to the existence of a genuine issue for trial must be resolved against Mattox Trucking. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Once Mattox Trucking has met its burden, the Plaintiffs must present evidence to show that issues of fact remain with respect to an issue essential to their case, and on which they will bear the burden of proof at trial. <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

An act is willful and wanton in Illinois if the tortfeasor acted intentionally or with reckless disregard for the safety of others. Lynch v. Board of Ed. of Collinsville Community Unit Dist. No. 10, 82 Ill.2d 415, 429, 412 N.E.2d 447, 457 (Ill., 1980). The Illinois Supreme Court explained that willful and wanton liability exists "where the act was done with actual intention or with a conscious disregard or indifference for the consequences when the known safety of other persons was involved. The knowledge concerning other persons can be actual or constructive." Id. Thus, the Plaintiffs must present evidence that: (1) Johnson pulled the Trailer out of the bay with the intent to hurt individuals that Johnson knew were in the Trailer, or (2) Johnson knew that someone was in the Trailer, but did not care, and pulled the Trailer out of the bay anyway.

The Plaintiffs have no evidence that Johnson intended to hurt anyone. The Plaintiffs also have no evidence that Johnson knew, or had constructive knowledge, that anyone was in the Trailer at the time that he pulled out from the bay. From the outside of the loading dock, Johnson could not tell whether anyone was in the Trailer. Johnson would have been required to pull the Skirt aside or to walk underneath the Skirt at the rear of the Trailer to tell if anyone was in the Trailer. There is no evidence that he took either

of these steps; thus, there is no evidence that he knew whether anyone was in the Trailer at the time that he started to pull the Trailer out of the bay.

Dereak argues that Johnson knew because the men were unloading the Trailer while Johnson was inside the Dirksen Store at the loading area talking to Dereak. Dereak says that he was in the Trailer unloading it at the time that Johnson talked to him. The issue, however, is whether Johnson knew when he was back at the outside of the loading dock. Johnson used the front door of the Dirksen Store. Thus, when he left the inside of the loading dock, Johnson had to walk through the retail area of the Dirksen Store, out the front door, and then around the facility to the loading dock. The evidence that Johnson may have been aware of the unloading activity when he was talking to Dereak does not tend to show that he knew that the unloading activity was still going on by the time he went back outside and around to his tractor. Given the lack of evidence of Johnson's knowledge or intent, the Plaintiffs cannot establish willful and wanton conduct. Mattox Trucking is entitled to partial summary judgment on this claim.

The Plaintiffs argue vigorously that Johnson should have checked and been more careful. However, evidence that Johnson had a duty to be more careful, and that he breached that duty, only proves negligence; the evidence

8

does not establish willful and wanton conduct. Mattox Trucking is entitled to partial summary judgment on the Plaintiffs' willful and wanton claim.

Mattox Trucking, however, is not entitled to partial summary judgment on the issue of lost wages. The evidence indicates that Dereak was off work for three months. The Plaintiffs intend to seek damages for the wages lost due to being off work. Mattox Trucking claims that Dereak suffered no losses because Wal-Mart paid Dereak in full for that time. The Plaintiffs argue that the payments received from Wal-Mart are subject to the collateral source rule and cannot be used to reduce the Plaintiffs' damages. The Plaintiffs are correct.

The collateral source rule states that payments received by an injured party from a source that is independent of, and collateral to, the tortfeasor will not diminish the damages otherwise recoverable from the tortfeasor. The Illinois Supreme Court recently adopted the collateral source rule set forth in Restatement (Second) of Torts, § 920A. <u>Wills v. Foster</u>, 229 Ill.2d 393, 415, 892 N.E.2d 1018, 1031 (Ill., 2008).

The Comments to § 920A state that gratuitous payments from a third party should not be used to reduce the liability of the tortfeasor:

*b. Benefits from collateral sources.* Payments made or benefits

> conferred by other sources are known as collateral-source benefits. They do not have the effect of reducing the recovery against the defendant. The injured party's net loss may have been reduced correspondingly, and to the extent that the defendant is required to pay the total amount there may be a double compensation for a part of plaintiff's injury. But it is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor. . . . If the benefit was a gift to the plaintiff from a third party . . . he should not be deprived of the advantage that it confers. The law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him.

Restatement (Second) Torts, § 920A, comment b. The Comments then specifically address employment benefits:

> c. The rule that collateral benefits are not subtracted from the plaintiff's recovery applies to the following types of benefits:
>      . . . .
> (2) Employment benefits. These may be gratuitous, as in the case in which the employer, although not legally required to do so, continues to pay the employee's wages during his incapacity.
> . . .

Id. comment c. Given that the Illinois Supreme Court has adopted the approach set forth in § 920A, the answer is clear: the fact that Wal-Mart paid Dereak during the three months he was off work cannot be used to reduce Mattox Trucking's liability. The Plaintiffs may still seek lost wages as an element of damages.

Mattox Trucking asks the Court to follow the reasoning in Peterson

v. Lou Bachrodt Chevrolet Co., 76 Ill.2d 353, 392 N.E.2d 1 (Ill., 1979). Mattox Trucking acknowledges that the Wills decision expressly overruled Peterson, but argues that Wills is distinguishable. The Court disagrees. The Wills opinion discusses the various approaches to the collateral source rule and concludes that Illinois will follow Restatement (Second) Torts § 920A. The comments to § 920A, quoted above, state that an employer's payment of wages during incapacity cannot be counted to reduce the damages available to the injured party. The Plaintiffs, therefore, can seek to recover the wages that Dereak did not earn for the period that he was off work. The request for partial summary judgment on this issue is denied.

 THEREFORE, Defendant Don Mattox Trucking, LLC's Motion for Partial Summary Judgment on Plaintiffs' Claim of Willful and Wanton Conduct and Plaintiffs' Claim for Lost Wages (d/e 96) is ALLOWED in part. The Court enters partial summary judgment in favor of Defendant Don Mattox Trucking, LLC, and against Plaintiffs Mark and Melinda Dereak on the Plaintiffs' willful and wanton claim. The Motion is otherwise denied.

IT IS THEREFORE SO ORDERED.

ENTER: November 13, 2008

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                               JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE