E-FILED
Thursday, 23 April, 2009  09:45:28 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK DEREAK and | ) | |
| MELINDA DEREAK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  06-3123 |
| | ) | |
| DON MATTOX TRUCKING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This Court has before it Plaintiff Mark Dereak's (Dereak) Motion for an Award of Attorney Fees Under the Illinois Workers' Compensation Act (d/e 143).  Dereak has further asked the Court, in his Reply, to modify the Dismissal Order entered November 26, 2008 (Dismissal Order) (d/e 136), dismissing Wal-Mart Stores, Inc. (Wal-Mart), as a party to this action.  <u>Dereak's Reply to Wal-Mart's Special and Limited Appearance to Contest Jurisdiction Over Plaintiff's Motion for an Award of Attorney's Fees (d/e 147)</u>, at 2.  The Court directed Defendant Don Mattox Trucking, LLC (Mattox Trucking), and Wal-Mart to respond to the request to modify the

1

Dismissal Order.  <u>Text Order entered March 10, 2009</u>.  After consideration of the filings of the parties, the Court allows Dereak's request in part.  The Court modifies the Dismissal Order to retain jurisdiction over Wal-Mart to adjudicate all of the parties' rights and obligations under Wal-Mart's workers' compensation lien against Dereak's claim in this case.  The Court reserves ruling on the determination of those rights until after trial.

Dereak filed this action asserting a claim against Mattox Trucking for injuries that Dereak suffered during his employment with Wal-Mart.  <u>Notice of Removal (d/e 1)</u>, Exhibit A, <u>Complaint at Law</u>.  Wal-Mart provided workers' compensation benefits to Dereak as a result of those injuries.  Before the matter was removed to this Court, Wal-Mart intervened to assert a $62,058.00 lien on Dereak's claim pursuant to the Illinois Workers' Compensation Act (Lien).  <u>See</u> <u>Defendant's Motion for Leave to File Third-Party Complaint and To Add Party Instanter (d/e 11)</u>.  After the case was removed, Mattox Trucking filed a third-party complaint against Wal-Mart.  <u>Defendant Don Mattox Trucking, LLC's Third-Party Complaint (d/e 10)</u>.  Mattox Trucking and Wal-Mart subsequently settled the third-party claim.  Mattox Trucking represented to the Court that it purchased the Lien for $20,000.00.  No evidence has been presented to the Court

regarding the substance of the settlement or this purchase. The Court dismissed Mattox Trucking's third party claim and dismissed Wal-Mart as a party in this action. Dismissal Order.

Dereak now asks the Court to order Wal-Mart to pay attorney fees to his counsel in the sum of twenty-five percent of the Lien. Wal-Mart is obligated to pay attorney fees to a plaintiff's counsel for the funds that Wal-Mart recovered from the Lien. 820 ILCS 305/5(b); Evans v. Doherty Const., Inc., 382 Ill.App.3d 115, 120, 887 N.E.2d 840, 844-45 (Ill.App. 1st Dist., 2008). Dereak asks the Court to modify the Dismissal Order to retain jurisdiction over Wal-Mart to adjudicate the rights of the parties with respect to the Lien. The Court directed Mattox Trucking and Wal-Mart to respond to Dereak's request to modify the Dismissal Order.

The Court has the authority to modify or vacate the Dismissal Order because it is an interlocutory order. Fed. R. Civ. P. 54(b). The Court finds that it is appropriate to modify the Dismissal Order to retain jurisdiction over Wal-Mart to adjudicate the rights of the parties with respect to the Lien.

Wal-Mart argues that this Court lacks subject matter jurisdiction to adjudicate the rights of the parties with respect to the Lien. The Court

disagrees.  This Court has removal jurisdiction over the Dereaks' claims.

Opinion entered August 16, 2006 (d/e 8), at 9.  This Court, therefore, has

supplementary subject matter jurisdiction over all matters that arise out of

the same case or controversy as Dereak's claim.  28 U.S.C. § 1367(a).  Wal-

Mart intervened in the case to assert the Lien on Dereak's claim.  Wal-Mart,

thus, made the adjudication of the Lien part of the case or controversy

before this Court.  The Court has subject matter jurisdiction to adjudicate

the rights of the parties with respect to the Lien.

Wal-Mart also argues that the Court lacks personal jurisdiction.  The

Court disagrees.  Wal-Mart is a party to this case and appeared in this case.

The Court, thus, has personal jurisdiction.  The Dismissal Order did not

change the personal jurisdiction of the Court over Wal-Mart because the

Dismissal Order was an interlocutory order.  Until this Court enters a final

judgment, the Court has authority to modify or vacate the Dismissal Order.

Fed. R. Civ. P. 54(b).  The Court, thus, continues to have personal

jurisdiction over Wal-Mart until a final judgment is entered.

Mattox Trucking argues that Dereak is not entitled to twenty-five

percent of the sums received by Wal-Mart as attorney fees.  The Court

disagrees.  The Court agrees with the analysis of the Illinois Appellate Court

in <u>Evans</u>.  For the reasons stated in <u>Evans</u>, Dereak is entitled to twenty-five percent of the sums received by Wal-Mart in the assignment of the Lien to Mattox Trucking.

Mattox Trucking argues that Dereak's request for attorney fees in his Motion is overstated.  The Court agrees.  Dereak moved for twenty-five percent of the full $62,058.00 asserted by Wal-Mart in the Lien.  <u>Dereak's Motion for an Award of Attorney Fees Under the Illinois Workers' Compensation Act (d/e 143)</u>.  That is incorrect.  Dereak is entitled to receive twenty-five percent of the sum actually received by Wal-Mart.  Mattox Trucking has represented to the Court that it paid $20,000.00 for the Lien.  No party, however, has provided either evidence that Wal-Mart received $20,000.00 for the assignment of the Lien, or a stipulation to that effect.  The Court, therefore, cannot make a finding at this time on the amount that Wal-Mart received from the assignment of the Lien.

Mattox Trucking also invites the Court to adjudicate the value of Wal-Mart's Lien.  Mattox Trucking argues that the Lien exceeds the $62,058.00 originally claimed by Wal-Mart.  The Court declines the invitation.  Such a request is premature; the value of the Lien may not be an issue if Dereak does not prevail at trial or does not secure a judgment in excess of the

$62,058.00 originally claimed by Wal-Mart.  The Court will not know whether it will need to adjudicate the value of the Lien until after trial.

THEREFORE, Dereak's Motion for an Award of Attorney Fees Under the Illinois Workers' Compensation Act (d/e 143) is ALLOWED in part. The Dismissal Order entered November 26, 2008 (d/e 13) is modified to state that Mattox Trucking's third party claim against Wal-Mart Stores, Inc., is dismissed, but the Court retains jurisdiction over Wal-Mart Stores, Inc., to adjudicate the rights of the parties with respect to the Lien that Wal-Mart Stores, Inc., asserted on Mark Dereak's claim in this case, including Wal-Mart's obligation to pay Dereak, as attorney fees, twenty-five percent of the sum that Wal-Mart received from the assignment of the Lien. The Court will reserve ruling on the rest of Dereak's Motion until after trial. IT IS THEREFORE SO ORDERED.

ENTER:   April 21, 2009

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE